UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-7719

ANTHONY A. THIGPEN,

                    Plaintiff - Appellant,

          v.

ROBERT F. MCDONNELL, Attorney General; GENE M. JOHNSON,
Director - Department Of Corrections; W. S. FLAHERTY,
Superintendent Virginia State Police,

                    Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, Senior
District Judge.  (1:06-cv-00738)

Argued:  January 29, 2008          Decided:  April 11, 2008

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

**ARGUED:** Steven C. Wu, AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.,
Washington, D.C., for Appellant.  Stephen R. McCullough, OFFICE OF
THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellees.  **ON BRIEF:** Christopher R. Pudelski, AKIN, GUMP, STRAUSS,
HAUER & FELD, L.L.P., Washington, D.C., for Appellant.  Robert F.
McDonnell, Attorney General of Virginia, William E. Thro, State
Solicitor General, William C. Mims, Chief Deputy Attorney General,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony A. Thigpen appeals the district court's summary dismissal of his pro se complaint, filed against several Virginia officials under 42 U.S.C. § 1983. Thigpen's complaint alleges various conspiracies to violate his constitutional rights. The district court dismissed Thigpen's complaint under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), without prejudice and with leave to refile his claims in a petition for habeas corpus. For the reasons that follow, we affirm the district court's dismissal of Thigpen's double jeopardy claim under <u>Heck</u>. In addition, we affirm on alternative grounds the dismissal without prejudice of Thigpen's other claims, and we modify the district court's order to allow Thigpen to refile these claims under § 1983.

I.

Thigpen was convicted of rape in 1983 and was released from prison in 1996. As a result of his conviction Thigpen was required to comply with the Virginia Sex Offender and Crimes Against Minors Registry Act, Va. Code Ann. §§ 9.1-900 to -921 (the Act), upon his release. The Act includes various registration and reporting requirements. Failure to comply with the Act's requirements carries a criminal penalty. <u>Id.</u> § 18.2-472.1. Thigpen failed to comply with the Act, and on July 20, 2004, he was sentenced to four years of supervised probation. Thigpen continued

in his failure to comply with the Act, and on October 17, 2005, his probation was revoked, and he was sentenced to a four year prison term. Thigpen subsequently filed this action under 42 U.S.C. § 1983. His complaint contained conclusory allegations that various state officials (the defendants) "committed conspiracy" to subject him to double jeopardy and violate his due process, equal protection, and First Amendment rights by "attach[ing] two additional punishments against plaintiff," "labeling plaintiff to be a violent sex offender," and posting his identifying information on the internet. J.A. 8.

On August 30, 2006, the district court dismissed Thigpen's claims without prejudice and with leave to refile a petition for habeas corpus in state court. The district court concluded that "where, as here, the complaint attacks the fact or duration of confinement, the appropriate remedy is a writ of habeas corpus, not a claim under 42 U.S.C. § 1983," relying on <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). J.A. 13. Thigpen filed this timely appeal.

II.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,

4

the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . .

<u>Id.</u> at 487. A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); <u>Muhammad v. Close</u>, 540 U.S. 749 (1997); <u>Heck</u>, 512 U.S. at 487.

Here, the district court explained that Thigpen "essentially attacks the validity of his conviction and the length of his confinement claiming that the defendants imposed 'two additional punishments' against him." J.A. 13. We agree that Thigpen's double jeopardy claim is barred by <u>Heck</u>. The complaint alleges "two additional punishments" and references the "indictment . . . dated October 17, 2005," J.A. 8, the date that Thigpen's probation was revoked for his continued violation of the Act. If Thigpen were successful on this challenge, the invalidation of his current sentence would necessarily result. Therefore, the appropriate vehicle for relief on Thigpen's double jeopardy claim is a petition for a writ of habeas corpus or a criminal appeal.

In dismissing the complaint under <u>Heck</u>, the district court did not consider Thigpen's due process, equal protection, or First Amendment claims. The defendants concede that these claims

5

are not barred by Heck, and thus should not have been dismissed by the district court on this ground.  The defendants argue, however, that the complaint should be dismissed because it fails to meet minimum pleading requirements.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curium) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964) (2007) (internal alterations and quotation marks omitted).  A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1964-65 (internal alternations and quotation marks omitted).

Applying these standards, we conclude that Thigpen's complaint did not contain the factual information necessary to state a claim for relief.  Each of Thigpen's allegations begins with a claim of conspiracy, but his complaint contains no facts to either support such a claim or, alternatively, to indicate that he

6

did not actually intend to allege conspiracy. The complaint further alleges violations of due process, equal protection, and the First Amendment, but fails to provide any explanation of the substance of these claims. The complaint thus provides no information about Thigpen's injury or his entitlement to relief, and should, as a result, be dismissed.

In sum, we affirm the district court's dismissal of Thigpen's double jeopardy claim with leave to file a state petition for habeas corpus. While the district court erred in dismissing Thigpen's equal protection, due process, and First Amendment claims pursuant to <u>Heck</u>, we conclude that these claims should be dismissed without prejudice on the alternative ground that the complaint is so conclusory that it fails to state a claim for relief. We thus modify the district court's order to allow Thigpen to refile his equal protection, due process, and First Amendment claims under 42 U.S.C. § 1983 in U.S. district court.

<u>AFFIRMED AS MODIFIED</u>